UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SAMUEL NATHANIEL BEASLEY, IV,

Petitioner,

v.

BRIAN WILLIAMS, et al.,

Respondents.

Case No. 2:16-cv-01790-JCM-CWH

ORDER

This closed *pro se* habeas matter is before the court on petitioner Samuel Nathan Beasley IV's motion for reconsideration of the dismissal of the petition (ECF No. 8).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

1

reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

Here, Beasley dispatched his original petition for mailing on July 22, 2016 (*see* ECF No. 1-1). On October 14, 2016, this court dismissed the petition as untimely and noted that neither of the two grounds stated claims for which federal habeas relief may be granted (ECF No. 4). However, Beasley filed an amended petition on October 13, 2016 (ECF No. 6). Essentially, the amended petition and the dismissal order "crossed" and were filed contemporaneously. Beasley moves for reconsideration so that the court may screen the amended petition pursuant to Habeas Rule 4. Good cause appearing, Beasley's motion shall be granted.

The court has reviewed the amended petition pursuant to Habeas Rule 4, and Beasley shall have thirty days to show cause and file such proof to demonstrate that the petition is timely. As the court stated in its previous order, the Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by

conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Beasley indicates on the face of the amended petition that his conviction was affirmed in 2006 and that he did not file a state postconviction petition (ECF No. 6, p. 1). A petitioner may be entitled to equitable tolling of the one-year limitations period if he can establish that he diligently pursued his right and some extraordinary circumstance stood in his way. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

The court notes that even assuming, *arguendo*, that Beasley can demonstrate that he is entitled to equitable tolling, the claims that petitioner sets forth all appear to be either not cognizable in federal habeas corpus or patently meritless. Ground 1 is a claim that the state district court erred at Beasley's sentencing when it relied on a presentencing report that contained an error (ECF No. 6, pp. 4-9). However, this is a state-law question, and "federal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotations and citations omitted). Ground 2 is a claim that the parole board relied in part on the incorrect presentencing report when it denied him parole (ECF No. 6, p. 11-23). While the allegations in ground 2 may implicate Fourteenth Amendment due process, they do not sound in federal habeas corpus. 42 U.S.C. § 1983; *Nettles v. Grounds*, 788 F.3d 992, 1001 (9th Cir. 2015) ("[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody."). Ground 3 is a claim that his three concurrent sentences of life in prison with parole eligibility after ten years under NRS 200.366(2)(b) (the version of 200.366 that was in effect at the relevant time) for sexual assault without substantial bodily harm must be

set aside because the statute is vague and unconstitutional (ECF No. 6, pp. 25-．Beasley appears to mainly complain that one of the possible penalties under NRS 200.366(2)(a) for sexual assault with substantial bodily harm was a term of forty years with parole eligibility after fifteen years. In other words, he claims that in reality he was convicted of the greater crime of sexual assault with substantial bodily harm. This claim is patently meritless and frivolous.

As to the threshold issue of timeliness, the petitioner will be given the opportunity to show that either the instant petition was not filed beyond the one-year statute of limitations, or that he is entitled to equitable tolling of the time limitation.

**IT IS THEREFORE ORDERED** that petitioner's motion for relief under FRCP 60(b) (ECF No. 8) is **GRANTED**. The Clerk shall reopen this case in accordance with this order.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that the petition for writ of habeas corpus was timely filed within the one-year time limitation or that he is entitled to equitable tolling of the time period. He shall also set forth a complete and accurate history, with dates, of any state postconviction proceedings presented to the state district court and the Nevada Supreme Court, including direct appeal and state habeas petitions.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **twenty (20) days** to file any response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that the petition for writ of habeas corpus was filed within the limitations period or that he is entitled to equitable tolling, the court will enter an order dismissing the petition.

DATED: 22 June 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE

4