UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMUEL NATHANIEL BEASLEY, IV, <br><br> Petitioner, <br> v. <br> BRIAN WILLIAMS, et al., <br><br> Respondents. | Case No. 2:16-cv-01790-JCM-CWH <br><br> ORDER |

Petitioner Samuel Nathan Beasley IV's *pro se* habeas matter is before the court on Beasley's response to this court's show-cause order regarding whether the petition is untimely (ECF No. 21).

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

Beasley dispatched his original federal petition for mailing on July 22, 2016 (*see* ECF No. 1-1). Beasley indicates on the face of his amended petition that his conviction was affirmed in 2006 and that he did not file a state postconviction petition (ECF No. 6,

p. 1). Beasley argues that he is entitled to equitable tolling of the one-year limitations period. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds, *Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He essentially argues that ground 1 in and of itself—that the state district court erred at Beasley's sentencing when it relied on a presentencing report that contained an error— establishes an extraordinary circumstance. This argument is meritless. Moreover, this is a state-law question, and "federal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotations and citations omitted).

This court observed earlier that ground 3—a claim that complains about the possible sentences under Nevada law for sexual assault without substantial bodily harm versus sexual assault with substantial bodily harm—is patently meritless and frivolous (see ECF No. 13). Beasley appears to have abandoned this ground; his response to the show-cause order is silent as to ground 3.

Finally, as the court previously noted, ground 2 is a claim that the parole board has relied in part on the incorrect presentencing report when it denied him parole (ECF No. 6, p. 11-23). While the allegations in ground 2 may implicate Fourteenth Amendment due process, they do not sound in federal habeas corpus. 42 U.S.C. § 1983; *Nettles v. Grounds*, 788 F.3d 992, 1001 (9th Cir. 2015) ("[R]elief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody."). Beasley's argument that if the presentencing report were corrected it would indeed necessarily lead to his parole is unavailing.

Accordingly, Beasley has failed to demonstrate that this petition was timely filed or that he is entitled to equitable tolling of the time limitation. The petition is dismissed as time-barred.

**IT IS THEREFORE ORDERED** that the amended petition (ECF No. 6) is **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 7) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

**IT IS FURTHER ORDERED** that the clerk shall send petitioner two copies each of an application form to proceed *in forma pauperis* for incarcerated persons and a civil rights complaint pursuant to 42 U.S.C. § 1983 form, one copy of the instructions for each form, and a copy of the papers that he submitted in this action.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly and close this case.

DATED: September 26, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE